Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Satta Sandi**; an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Gibson Lane Behavioral Health Care, LLC**, an Arizona company; and **Lissa Sebatu**, an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Satta Sandi, for her Verified Complaint against Defendants Gibson Lane Behavioral Health Care ("**Gibson Lane**"), and Lissa Sebatu, hereby allegse as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action against Defendants for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**"); failure to pay Arizona minimum wage in violation of A.R.S. §§ 23-362 - 23-364 ("**Arizona Minimum Wage Statute**"); failure to make timely payment of wages under A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**"); retaliation in violation of the FLSA, specifically 29 U.S.C. § 215(a)(3) ("**FLSA Retaliation**

**Statute**"); and retaliation in violation of the Arizona Minimum Wage Statute, specifically A.R.S. § 23-364(G) ("**Arizona Minimum Wage Retaliation Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover minimum wage compensation, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Minimum Wage Statute.

4. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

5. This action is also brought to recover lost wages, liquidated damages, treble damages, statutory penalties, and punitive damages resulting from Defendants' violations of the FLSA Retaliation Statute and the Arizona Minimum Wage Retaliation Statute.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7. Plaintiff's state law claims are sufficiently related to her federal claims that they form the same case or controversy.

8. This Court therefore has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

9. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

10. Plaintiff was employed by Defendants in this District.

**PARTIES**

11. At all relevant times to the matters alleged herein, Plaintiff resided in the District of Arizona.

12. Plaintiff was a full-time employee of Defendants from in or around March 2022 until on or around June 18, 2022 ("**all relevant times**").

13. At all relevant times, Plaintiff was an employee of Defendants as defined by 29 U.S.C. § 203(e)(1).

14. At all relevant times, Plaintiff was an employee of Defendants as defined by A.R.S. § 23-362(A).

15. At all relevant times, Plaintiff was an employee of Defendant Gibson Lane as defined by A.R.S. § 23-350(2).

16. Defendant Gibson Lane is a company authorized to do business in Arizona.

17. At all relevant times, Defendant Gibson Lane was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

18. At all relevant times, Defendant Gibson Lane was Plaintiff's employer as defined by A.R.S. § 23-362(B).

19. At all relevant times, Defendant Gibson Lane was Plaintiff's employer as defined by A.R.S. § 23-350(3).

20. Defendant Lissa Sebatu is an Arizona resident.

21. Defendant Lissa Sebatu has directly caused events to take place giving rise to this action.

22. Defendant Lissa Sebatu is the owner of Gibson Lane.

23. Defendant Lissa Sebatu is an employer of Gibson Lane.

24. Defendant Lissa Sebatu is a manager of Gibson Lane.

25. Defendant Lissa Sebatu is a member of Gibson Lane.

26. Defendant Lissa Sebatu has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

27. Defendant Lissa Sebatu has been at all relevant times Plaintiff's employer as defined by A.R.S. § 23-362(B).

28. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Lissa Sebatu is an employer.

29. Defendant Lissa Sebatu supervised and controlled Plaintiff's work schedules or the conditions of Plaintiff's employment.

30. Defendant Lissa Sebatu approved timesheets.

31. Defendant Lissa Sebatu determined the rate and method of Plaintiff's payment of wages.

32. On May 6, 2022, Plaintiff texted Defendant Lissa Sebatu asking for clarification on why she wasn't paid for hours she worked.

33. Defendant Lissa Sebatu replied "I don't pay for 24 hr shifts and told Mickey and Eddie already I did not approve it so check with them."

34. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Lissa Sebatu is subject to individual and personal liability under the FLSA.

35. Plaintiff is further informed, believes, and thereon alleges that each of the

Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

36. Defendants, and each of them, are sued in both their individual and corporate capacities.

37. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

38. Plaintiff has a good faith reasonable belief that in her work for all Defendants, she was employed by an enterprise engaged in commerce that had or will have combined annual gross sales of at least $500,000 in 2022.

39. At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

40. At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

41. Plaintiff, in her work for Defendants, regularly handled goods produced and transported in interstate commerce.

42. Plaintiff would use the telephone to communicate with Defendants.

43. Under the FLSA, Plaintiff is a covered employee under individual coverage.

44. Under the FLSA, Plaintiff is a covered employee under enterprise coverage.

## **FACTUAL ALLEGATIONS**

45. The entity Defendant is a behavioral health clinic.

46. In or around March 2022, Plaintiff commenced employment with Defendants as a behavioral health technician.

47. Plaintiff's primary job duties included working with patients and taking them

on outings.

48. From in or around March 2022 until on or around June 18, 2022, Plaintiff was to be paid $15.00 per hour.

49. Plaintiff was a non-exempt employee.

50. Plaintiff did not receive the statutory Arizona minimum wage for all hours worked.

51. From in or around March 2022 until on or around June 18, 2022, Defendants failed to properly compensate Plaintiff for all her overtime hours.

52. For example, during the workweek of April 1, 2022, Plaintiff worked approximately 95 hours and did not receive overtime pay.

53. Plaintiff would only receive straight time for all hours worked.

54. During the weeks that Plaintiff worked in excess of 40 hours per week, she was not provided with the required one and one-half times pay premium as required by the FLSA.

55. Defendants were aware that Plaintiff's working hours exceeded 40 hours, and required her to work overtime as a condition of his employment.

56. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for overtime hours Plaintiff worked.

57. Defendants refused and/or failed to properly disclose or apprise Plaintiff of her rights under the FLSA.

58. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

59. Defendants' failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA, Arizona minimum Wage Statute, and Arizona Wage Statute were willful.

60. Plaintiff did not receive all hours worked which put her below the Arizona minimum wage for a couple pay periods.

61. One June 17, 2022, Plaintiff texted Defendant Lissa Sebatu about hours missing on her paycheck.

62. Defendant Lissa Sebatu told her to check with staff.

63. Plaintiff called co-worker Eddie (surname unknown) and he did not answer.

64. Plaintiff texted Eddie and he said he the hours would be put in on Monday.

65. On June 18, 2022, Plaintiff went into work and was told by staff that she no longer worked there.

66. Plaintiff texted Eddie and he confirmed she had been let go as requested by Defendant Lissa Sebatu.

67. The termination of Plaintiff was because Plaintiff complained about her missing minimum wage and overtime wages.

68. Plaintiff's termination was in violation of the FLSA Retaliation Statute or Arizona Minimum Wage Retaliation Statute.

### COUNT I
### (FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)

69. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

70. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the FLSA.

71. Plaintiff is an employee entitled to the statutorily mandated overtime wages.

72. Defendants have intentionally failed and/or refused to pay Plaintiff overtime wages according to the provisions of the FLSA.

73. As a direct result of Defendants' violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C.§ 207.

74. In addition to the amount of unpaid overtime wages owed to Plaintiff, she is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

75. Defendants' actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendants knew Plaintiff was not being compensated overtime for time worked in excess of 40 hours in a given workweek from in or around March 2022 until on or around June 18, 2022, and failed to pay proper overtime wages.

76. Defendants knew their failure to pay overtime wages was a violation of the FLSA.

77. Defendants have not made a good faith effort to comply with the FLSA.

78. Plaintiff is also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO PAY MINIMUM WAGE – ARIZONA MINIMUM WAGE STATUTE)

79. Plaintiff incorporate by reference all of the above allegations as though fully set forth herein.

80. At all relevant times, Plaintiff has been employed by Defendants within the meaning of the Arizona Minimum Wage Statute.

81. Defendants intentionally failed and/or refused to pay Plaintiff minimum wage according to the provisions of the Arizona Minimum Wage Statute.

82. In addition to the amount of unpaid minimum wage owed to Plaintiff, she is entitled to recover an additional amount equal to twice the underpaid wages and interest pursuant to A.R.S. § 23-364(g).

83. Plaintiff is also entitled to an award of attorneys' fees and costs pursuant to A.R.S. § 23-364(g).

## COUNT III
### (FAILURE TO TIMELY PAY WAGES DUE – ARIZONA WAGE STATUE)
### (ONLY AGAINST DEFENDANT GIBSON LANE)

84. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

85. At all relevant times, Plaintiff has been employed by Defendant Gibson Lane within the meaning of the Arizona Wage Statute.

86. Defendant Gibson Lane was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

87. Defendant Gibson Lane was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

88. Defendant Gibson Lane failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

89. Defendant Gibson Lane has willfully failed and refused to timely pay wages due to Plaintiff. As a result of Defendant's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## COUNT IV
## (FLSA RETALIATION)

90. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

91. In pursuing unpaid overtime wages against Defendants by inquiring about them with Defendant Lissa Sebatu, Plaintiff engaged in FLSA-protected conduct.

92. In response to Plaintiff inquiring about her unpaid overtime wages, Defendants terminated Plaintiff.

93. Defendants engaged in such retaliatory actions against Plaintiff because Plaintiff engaged in the FLSA-protected activity by inquiring about her unpaid wages.

94. As a result of Defendants' conduct, Defendants violated 29 U.S.C. § 215(a)(3).

95. Plaintiff is therefore entitled to compensatory, liquidated, and punitive damages.

## COUNT V
## (ARIZONA MINIMUM WAGE RETALIATION STATUTE)

96. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

97. In pursuing unpaid minimum wages against Defendants by inquiring about them with Defendant Lissa Sebatu, Plaintiff engaged in conduct protected by the Arizona Minimum Wage Statute under A.R.S § 23-364(G).

98. Plaintiff suffered adverse employment action when Defendants terminated her.

99. Defendants took such adverse employment action against Plaintiff because

Plaintiff engaged in the protected activity by inquiring about her unpaid minimum wages.

100. As a result of Defendants' conduct, Plaintiff is entitled to an amount set by the court that is sufficient to compensate the employee and deter future violations, but not less than one hundred fifty dollars for each day that the violation continued or until legal judgment is final; reimbursement of lost wages and interest; reasonable attorneys' fees and costs of suit; and other appropriate legal and/or equitable relief.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendants committed the following acts:

  i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

  ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207;

  iii. violated minimum wage provisions of the Arizona Minimum Wage Statute, by failing to pay minimum wages;

  iv. willfully violated minimum wage provisions of the Arizona Minimum Wage Statute;

  v. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff;

  vi. violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff, and;

  vii. violated A.R.S. § 23-364(g) by terminating Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages

pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award compensatory damages, including treble damages pursuant to A.R.S. § 23-364(g), and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

D. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

E. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

G. Any other remedies or judgments deemed just and equitable by this Court

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED June 22, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiff

## **VERIFICATION**

Plaintiff Satta Sandi declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Satta Sandi